IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GS HOLISTIC, LLC,<br>　　　Plaintiff,<br><br>v.<br><br>B OVER 21 INC d/b/a B OVER 21<br>INC, and INDIRA CARREON,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:23-CV-882-L |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion for default judgment against Defendants B Over 21 Inc d/b/a B Over 21 Inc. ("BO21") and Indira Carreon, filed by Plaintiff GS Holistic, LLC ("GS"). (Dkt. No. 17 ("Mot.").)

United States District Judge Sam Lindsay referred the motion to the undersigned magistrate judge on October 23, 2024, for hearing, if necessary, and for proposed findings and recommendations for disposition of the motion. (Dkt. No. 19.) The undersigned enters the following findings of fact, conclusions of law, and recommendation that GS's motion for default judgment against Defendants BO21 and Carreon be **DENIED**.

1

## I. BACKGROUND

Since 2020, GS has marketed glass infusers and accessories using the "Stündenglass" trademark. (Dkt. No. 1 ("Compl.") at ¶ 7.) It has invested in distinguishing this line of products in the market. (*See id.* ¶¶ 17-18.) GS owns trademarks relating to the Stündenglass name and logo. (*Id.* ¶ 10.) Specifically, it owns:

(1) U.S. Trademark Registration No. 6,663,884 (for the standard character mark "Stündenglass" associated with goods in international class 011);

(2) U.S. Trademark Registration No. 6,174,292 (for the design plus words mark "S" and its logo in association with goods in international class 034); and

(3) U.S. Trademark Registration No. 6,174,291 (for the standard character mark "Stündenglass" associated with goods in international class 034).

(*Id.*)[1]

On April 25, 2023, GS filed suit against BO21 and Carreon alleging trademark infringement and unfair competition. (*See* Compl.) GS posits that subject matter jurisdiction exists under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a) because claims in this action relate to trademark infringement, counterfeiting, false designation, and unfair competition, each claim arising out of federal law.

GS alleges that on March 13, 2023, one of its investigators went to BO21's store in Grand Prairie, Texas, and observed "an excess of" infusers bearing the Stündenglass name. (Compl. ¶ 29.) The investigator purchased for $386.05 a glass

---

[1] GS provided proof of trademark ownership by submitting the trademark registration certificates awarded by the U.S. Patent and Trademarks Office for each trademark. (Dkt. No. 17-1 at 13, 15, 17.)

infuser displaying the Stündenglass marks, but the item was a counterfeit product. (*Id.*) GS further alleges that Carreon "authorized, directed, and/or participated in [BO21's] offer for sale, in commerce, of the Counterfeit Goods." (*Id.* ¶ 30.)

GS alleges trademark infringement in violation of Sections 32(1) and 43(a) of the Lanham Act, which are codified at 15 U.S.C. §§ 1114(1) and 1125(a), respectively. *See Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 616 (5th Cir. 2023). (Compl. ¶ 32.) GS sued BO21 and Carreon asserting two central counts: (1) trademark counterfeiting and infringement under 15 U.S.C. § 1114 and (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a). (Compl. 10-12.)

Defendants have not participated in this litigation. On April 26, 2023, the Clerk issued summons to BO21 and Carreon. (*See* Dkt. No. 7.) A return of service was filed on July 24, 2023, showing that BO21 was served on June 9, 2023, by personally delivering the summons and complaint to an employee at BO21's address. (*See* Dkt. 8.) GS sought and received an extension of its deadline to serve Carreon and, on February 15, 2024, a return of service was filed showing that Carreon was personally served in California on February 3. (*See* Dkt. Nos. 9, 14.) Neither defendant has appeared in this action. GS has requested that the Clerk enter default as to both defendants. (Dkt. Nos. 10, 15.) The Clerk entered default against BO21 on August 17, 2023, and against Carreon on March 7, 2024. (Dkt. Nos. 11, 16.) GS moved for default judgment on May 22, 2024. (Dkt. No. 17.) Defendants have not responded.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 55 (b)(2) governs the entry of a default judgment. A default judgment is available to a plaintiff who demonstrates the following: (1) the defendant was served with a summons and the complaint, and a default was entered because the defendant failed to appear; (2) the defendant is not a minor or an incompetent person; (3) the defendant is not in the military or subject to the Soldiers and Sailors Relief Act of 1940, 50 U.S.C. § 3931; and (4) if the defendant appeared in the case, the defendant was provided with notice of the default judgment application at least three days before the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)). In addition, the plaintiff "must make a prima facie showing of jurisdiction." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 3:14-CV-2589-M-BN, 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

The Fifth Circuit has set out a three-step process for a plaintiff seeking default judgment: (1) default by the defendant; (2) entry of default by the Clerk; and (3) entry of a default judgment by the district court. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a); *PharMerica Corp. v.*

*Paragon Healthcare Grp., LLC*, No. 2:19-CV-00196, 2021 WL 9274561, at *2 (N.D. Tex. Aug. 20, 2021).

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)); *see also Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (observing the Fifth Circuit's general disfavor of default judgments and preference to resolve cases on their merits). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had

failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984).

A defaulting defendant is deemed to admit all well-pleaded facts in the plaintiff's complaint, but not facts that are not well pled or conclusions of law. *Nishimatsu Const. Co.*, 515 F.2d at 1206. Typically, damages are not awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Courts have developed a three-part analysis to determine whether to enter a default judgment against a defendant. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, in assessing whether the entry of a default judgment is procedurally warranted, courts consider several factors, including: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, courts assess the substantive merit of the plaintiff's pleadings to determine whether there is a sufficient

factual basis for default judgment. *See Nishimatsu Const. Co.*, 515 F.2d at 1206 (finding that a plaintiff must plead sufficient facts to show it is entitled to relief). Third, courts determine what form of relief, if any, the plaintiff should receive. *See 1998 Freightliner*, 548 F. Supp. 2d at 384.

### III. ANALYSIS

**A.    The record does not reflect that Defendant BO21 has been validly served.**

As an initial matter, the undersigned must determine whether GS properly served Defendants. *See* Fed. R. Civ. P. 4(c). Federal Rule of Civil Procedure 4(e) describes the process for serving an individual. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally[.]" Fed. R. Civ. P. 4(e)(2)(A). Rule 4(h) describes the process for serving a corporation, partnership, or association. Service may be effected in a manner authorized by state law for courts of general jurisdiction in the state where the court is located, Fed. R. Civ. P. 4(e)(1), (h)(1)(A), or by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—

if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h)(1)(B).[2]

Here, the return of service documents establish that the summons and complaint were personally delivered to Carreon on February 3, 2024, in Cerritos, California. (Dkt. No. 14.) This establishes that Carreon was validly served. *See* Fed. R. Civ. P. 4(e)(2)(A).

The undersigned reaches a different conclusion with respect to BO21. The return of service shows that GS served BO21 by personally delivering the summons and complaint to an employee, Sagar Thupa, at BO21's address on June 9, 2023. (*See* Dkt. No. 8.) The process server's affidavit indicates that the employee was served "as allowed by Florida Statutes[.]" (*Id.*) Texas Rule of Civil Procedure 106 provides that service may be accomplished by personal delivery or by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). In the case of a limited liability company, as BO21 is alleged to be (*see* Compl. ¶ 5), the citation must be addressed to the company's manager or registered agent. Tex. Bus. Org. Code §§ 5.201(a)-(b), 5.255(3).

GS has not demonstrated that BO21 has been validly served under Fed. R. Civ. P. 4(h). Although Florida statutes might allow for service of process on any

---

[2] The Texas Business Organizations Code requires every domestic or foreign entity to maintain a registered agent in Texas. An entity's registered agent is an agent of the entity who may be served with process, notice, or demand required or permitted by law to be served on the entity. Tex. Bus. Orgs. Code § 5.201.

8

employee of a business, as the affidavit suggests, Rule 4(h) limits service to an "officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B).  And, as noted above, Texas law does not allow for service on a company by personally delivering process to any employee of the company.  There has been no showing that Sagar Thupa is a person who is authorized to receive service on behalf of BO21.  *See WesternGeco LLC v. Ion Geophysical Corp.*, No. H-09-1827, 2010 WL 2266524, at *3 (S.D. Tex. June 2, 2010); *Dejesus-Harris v. Blockbuster Video*, No. SA-04-CV-1099-XR, 2005 WL 8156356, at *2 (W.D. Tex. Aug. 4, 2005).  Thus, GS fails to establish that BO21 has been validly served and, for at least that reason, is not entitled to default judgment against BO21.  The undersigned therefore recommends that GS's motion be DENIED with respect to BO21.  *See Platt v. Carteret Cnty. Dep't Human Servs.*, No. 4:21-CV-1241-O, 2022 WL 3905236, at *3 (N.D. Tex. Aug. 15, 2022) (denying default judgment where service of process was invalid), *rec. adopted*, 2022 WL 3928393 (N.D. Tex. Aug. 30, 2022).

The undersigned therefore continues its analysis only with respect to GS's motion for default judgment against Carreon.

**B.   Default judgment is procedurally proper with respect to Defendant Carreon.**

Because default judgments are highly disfavored, the Court must ensure GS has properly followed all procedures to be entitled to default judgment.  The Court's

9

analysis is framed by the *Lindsey* factors. *Lindsey*, 161 F.3d at 893. As explained below, the *Lindsey* analysis allows for default judgment in favor of GS.

First, there are no "material issues of fact in dispute," as Carreon failed to answer the Complaint or otherwise appear before the Court or place any factual allegations is dispute. Second, Carreon's refusal to engage in the litigation process threatens to prejudice GS's rights. Nothing indicates Carreon would be unfairly prejudiced by default judgment considering he has chosen not to contest the allegations against him. Third, the grounds for default are clearly established given that GS served Carreon with the Complaint and summons, and Carreon failed to answer despite the warning that failure to do so could result in default judgment. Fourth, there is no evidence before the Court to suggest that Carreon's silence is the result of a "good faith mistake or excusable neglect." Fifth, considering every other factor from *Lindsey* favors default judgment, the undersigned is not aware of any facts that would obligate the Court to set aside the default if challenged by Carreon. *See id.*

C. **Default judgment against Carreon is not substantively proper based on GS's conclusory allegations of liability.**

Default judgments must be warranted procedurally and substantively. *See Nishimatsu Const. Co.*, 515 F.2d at 1206. Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). Carreon, by her default, is deemed to

10

have admitted the well-pleaded factual allegations in GS's Complaint. *Nishimatsu Const. Co.*, 515 F.2d at 1206 (citing *Ohio Cent. R. Co. v. Cent. Tr. Co.*, 133 U.S. 83, 10 S. Ct. 235, 33 L. Ed. 561 (1890)). A default judgment is unassailable on the merits but only as to the well-pleaded allegations that are presumed to be true. *Id.* As such, the Court must review the pleadings to determine whether they provide a sufficient basis for GS's claims for relief against Carreon. *Id.* at 1206.

In conducting this analysis, courts look to the pleading requirements set out in Rule 8(a)(2). *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 497 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Wooten*, 788 F.3d at 497 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Even so, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation marks omitted).

This "low threshold" is less rigorous than under Rule 12(b)(6). *See Wooten*, 788 F.3d at 498 & n.3. Recognizing that "a defendant ordinarily must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of

11

a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

Although the pleading standard is not a rigorous one, the undersigned concludes that GS has not met it here concerning Carreon's liability for trademark infringement and unfair competition. To prevail on a trademark infringement claim under the Lanham Act, GS must show, among other things, that Carreon's "use of [its] trademark creates a likelihood of confusion as to source, affiliation, or sponsorship." *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). Similarly, "the touchstone of a section 1125(a) unfair competition claim is whether the defendant's actions are 'likely to cause confusion.'" *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc., of Lafayette*, 988 F.2d 587, 592 (5th Cir. 1993). GS must show therefore, at a minimum, that Carreon used GS's trademarks or acted in a manner to cause confusion.

The allegations contained in GS's complaint are insufficient to establish the plausibility of Carreon's liability for trademark infringement and unfair competition relating to BO21's sale of counterfeit Stündenglass products. A fair reading of the complaint establishes that GS's claims are based on one purchase of a counterfeit glass infuser bearing the Stündenglass marks purchased from BO21 in March 2023. (Compl. ¶ 29.) GS does not allege facts that explain how Carreon is legally

responsible for BO21's alleged conduct. The complaint alleges that BO21 is "his"[3] store, (Compl. ¶ 23), but it does not give any detail about its use of this general possessive term—e.g., whether Carreon is the store manager or employee who was present during the sale, whether "he" is the manager of the limited liability company as that term is used under Texas law, or whether it has some other meaning. Similarly, the complaint alleges that Carreon profits from the sale of counterfeit products but does not provide any explanation of how. (*Id.* ¶ 21.) Finally, GS's allegation that Carreon "authorized, directed, and/or participated" in BO21's offer for sale of infringing products and that "his" acts were "a moving, active, and conscious force" behind BO21's infringement, (*Id.* ¶ 30), are merely conclusory recitations of legal standards and do not provide any facts raising GS's right to relief above a speculative level. *See Cortez v. LRG & Assocs., LLC*, No. 3:18-CV-3135-L, 2020 WL 10817781, at *2 (N.D. Tex. Mar. 3, 2020) (concluding that default judgment was inappropriate based on conclusory allegations). The undersigned, therefore, cannot find a sufficient basis in GS's complaint to hold Carreon liable for trademark infringement or unfair competition. GS is not entitled to a default judgment against Carreon, and its motion should be denied.

---

[3] GS's unfamiliarity with Carreon's role in the alleged infringement is underscored by its repeated references to Carreon as a male when the record establishes that process was served on a "brown-haired Asian female" named Indira Carreon. (Dkt. No. 14.)

13

## IV. CONCLUSION

For reasons discussed, the undersigned recommends that GS's motion for default judgment (Dkt. No. 17) be **DENIED** without prejudice. The undersigned further recommends that the District Judge (1) order GS to file, no later than **January 10, 2025** or another date established by the District Judge, proof of service establishing valid service of process on B Over 21 Inc. in compliance with Fed. R. Civ. P. 4 and providing notice that noncompliance will subject claims against Defendant B Over 21 Inc to dismissal pursuant to Fed. R. Civ. P. 4(m), and (2) order that, if GS wishes to file an amended motion for default judgment against Indira Carreon, it shall first file, no later than **December 23, 2024** or another date established by the District Judge, an amended complaint that cures the deficiencies identified in this recommendation.

**SO RECOMMENDED** on November 20, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

# **NOTICE OF RIGHT TO OBJECT**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).