IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GS HOLISTIC LLC**, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **B OVER 21 INC d/b/a B OVER 21 INC** § <br> **and INDIA CARREON**, § <br> Defendants. § | Civil Action No. **3:23-cv-0882-L** |

## ORDER

Before the court is Plaintiff GS Holistic, LLC's, ("Plaintiff" or "GS") Motion for Default Judgment ("Motion") (Doc. 17), filed on May 22, 2024, and Plaintiff's Motion for Leave to file Amended Complaint ("Motion for Leave") (Doc. 21), filed on December 4, 2024. On October 23, 2024, the court referred the Motion to Magistrate Judge Brian McKay for hearing, if necessary, and to submit to the court proposed findings and recommendations for disposition of the Motion (Doc. 19). The United States Magistrate Judge filed his Findings, Conclusions, and Recommendation ("Report") (Doc. 20) on November 20, 2024, recommending that the court **deny** the Motion **without prejudice** and **order** Plaintiff to file, no later than January 10, 2024, proof of service establishing valid service of process on B Over 21 Inc d/b/a B Over 21 Inc.

No objections have been filed, and the 14-day period to object after service of the Reports has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). The court, after considering the Report, Motion, record, and applicable law, concludes that the findings and conclusions of the magistrate judge are correct, which are accepted as those of the court, and **denies without prejudice** the Motion.

Order – Page 1

I.   **Background**

On April 25, 2023, GS Holistic LLC ("Plaintiff" or "GS") filed its Complaint ("Complaint") against B Over 21 Inc d/b/a B Over 21 Inc and India Carreon ("B Over 21 Inc." or "Ms. Carreon" collectively "Defendants"). This is a trademark infringement, counterfeiting, and false designation of origin and unfair competition under the Lanham Act (15 U.S.C. § 1051 *et. seq.*) action against Defendants.

Plaintiff has marketed and sold products using the trademark "Stündenglass" (Doc. 1). Plaintiff was granted both valid and subsisting federal statutory and common law rights to the Stündenglass trademark. *Id.* Plaintiff has federally registered the following trademarks:

1. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.
2. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.
3. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

*Id.* ¶ 10.

GS sells its products under the Stündenglass Marks to roughly 3000 authorized stores in the United States, including roughly 162 stores in Texas (Doc. 17). Defendant B Over 21 Inc. is a Texas LLC and has its principal place of business in Grand Prairie, Texas (Doc. 1 ¶ 5). Plaintiff alleges that Defendants sold and continue to sell counterfeit Stündenglass products with the Stündenglass trademark without the consent of GS. *Id.* ¶ 24. Plaintiff alleges that on March 13, 2023, Ms. Carreon sold a glass infuser with a Stündenglass Mark affixed to it to Plaintiff's investigator. *Id.* ¶¶ 29-30.

Defendants were served with a copy of the summons and Complaint on June 9, 2023, and February 3, 2024 (Docs. 8 and 14). They were required to answer or otherwise respond to the Complaint 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Defendants have not answered or otherwise responded to the Complaint. Thus, the clerk entered default (Docs. 11 and 16). Plaintiff moved for default judgment on May 22, 2024, and is seeking an award of $150,000 in statutory damages and costs of $402.

**II.     Report (Doc. 20)**

Magistrate Judge McKay concluded that Plaintiff did not properly serve B Over 21 Inc. Report 7. He determined that the return of service documents establish that the Summons and Complaint were personally delivered to Ms. Carreon on February 3, 2024, in Cerritos, California, and that she was validly served. Report 8 (citation omitted). Conversely, the magistrate judge reached a different conclusion as it relates to B Over 21 Inc., which he determined was not properly served. *Id.* The magistrate judge determined that the process server's affidavit indicates that an employee received service of the Complaint and Summons as allowed by Florida statutes. *Id.* (citations and quotation marks omitted). He concluded that GS has not demonstrated that B Over 21 Inc. was validly served pursuant to Federal Rule of Civil Procedure 4(h) because Florida statutes conflict with Rule 4(h). As a result, he **recommends** that the Motion be **denied** with respect to B Over 21 Inc.

Second, he determined that all of the factors weigh in favor of default judgment against Ms. Carreon. Report 10 (citing *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)). * The

---

* The magistrate judge analyzed the following six factors as set forth by the Fifth Circuit: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

Order – Page 3

magistrate judge, however, concluded that default judgment was not substantively proper because Plaintiff's allegations of liability in the Complaint as they relate to Ms. Carreon were conclusory. Report 10. Moreover, the magistrate judge held that GS has not met the pleading standard necessary to prevail on a trademark infringement claim under the Latham Act. Report 12. Further, he concluded that GS does not allege facts that explain how Ms. Carreon is legally responsible for B Over 21 Inc.'s alleged conduct. Report 13. As a result, he **recommends** that the Motion be **denied** with respect to Ms. Carreon.

### III.     Motion for Leave (Doc. 21)

Plaintiff requests that the court grant permission to file an Amended Complaint to add "UMA KARKI THAPA and DIL BAHADUR KATHAYAT as defendants and to adequately plead its claims pursuant to Magistrate Judge's Recommendations and to cure any deficiencies in its original Complaint filed on April 25, 2023." Doc 21 at 2. Further, Plaintiff contends that granting its request to file an Amended Complaint will allow it to cure deficiencies identified in its original Complaint.

Plaintiff's request for leave is governed by Federal Rule of Civil Procedure 15(a) because no scheduling order has been entered setting a deadline for amendment of pleadings. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," but this provision is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and]

futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Allowing Plaintiff to amend its pleadings would not be futile. There is nothing on the record that shows undue delay, bad faith, or dilatory motive on the part of Plaintiff. Further, several additional factors weigh in favor of allowing Plaintiff to amend its pleadings. This case is in the early stage of litigation; the operative pleading is the original Complaint, which was filed on May 25, 2023; GS has not served all of the named Defendants; and a scheduling order has not been issued. The deficiencies in the pleadings were identified for the first time in the Report, which means it has not had an opportunity to cure. Moreover, district courts should allow a plaintiff at least one opportunity to amend and cure defects in pleadings, "unless it is clear that the defects are incurable or the plaintiff[] advise[s] the court that [she] [is] unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002).

Considering all of these factors, the court determines that GS should be allowed to amend its pleadings. Accordingly, Plaintiff's Motion for Leave is **granted**.

IV.   **Conclusion**

Having considered the Report, Motion, record, and applicable law, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **denies without prejudice** Plaintiff's Motion for Default Judgment (Doc. 17) and **orders** Plaintiff to file an Amended Complaint that cures the deficiencies identified by the Report and the court by **5 p.m.** on **December 23, 2024,** and if Plaintiff is requesting to amend its pleadings beyond what is recommended in the Report, the court **grants** its Motion for Leave, and any additional allegations must be included in the Amended Complaint. Finally, the

court **orders** Plaintiff to **re-serve** all Defendants and file proof of service establishing valid service of process on all Defendants by **5 p.m.** on **January 10, 2025.** Failure of Plaintiff to all Defendants by this date will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m), unless Plaintiff files a motion that establishes good cause for its failure to serve Defendants as directed by the court.

    **It is so ordered** this 5th day of December, 2024.

Sam A. Lindsay
United States District Judge