**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GS HOLISTIC, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-cv-00882-L** |
| | § | |
| **B OVER 21 INC.** *d/b/a B Over 21 Inc.*; | § | |
| **INDIRA CARREON; UMA THAPA;** | § | |
| **and DIL BAHADUR KATHAYAT,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Default Final Judgment Against All Defendants ("Motion") (Doc. 31), filed April 29, 2026. After careful consideration of the Motion, pleadings, record, evidence, and applicable law, the court **denies without prejudice** the Motion.

**I. Background**

GS Holistics ("Plaintiff") brought this action against B Over 21, Inc.; Indira Carreon; Uma Thapa; and Dil Bahadur Kathayat (collectively "Defendants") for alleged (1) trademark counterfeiting and infringement; and (2) false designation of origin and unfair competition under the Lanham Act with respect to Plaintiff's Stündenglass branded products. After default was entered against Defendants, Plaintiff moved for entry of a default judgment. Plaintiff seeks statutory damages in the amount of $150,000 ($50,000 per mark) and costs under the statute totaling $402. Plaintiff also requests a permanent injunction against Defendants and an order requiring Defendants to turn over all infringing materials for destruction.

**II. Default Judgment Standard**

A default judgment is considered a drastic remedy that is not favored by the Federal Rules of Civil Procedure and resorted to only in extreme situations. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default. *Id.* Because it is preferrable to determine an action on the merits, courts resolve any doubt as to whether default should be entered in favor of hearing the case on the merits. *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000).

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, /84 F.3d 137, 141 (5th Cir. 1996). Once a defendant is in default, the court accepts as true all the well-pleaded facts set forth in the complaint aside from those relating to damages. *See Frame v. S-H, Inc.,* 967 F.2d 194, 205 (5th Cir. 1992) ("Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default.") (citations omitted). A default judgment conclusively establishes a defendant's liability on the merits. *Leedo Cabinetry v. James Sales & Distrib.*, 157 F.3d 410, 414 (5th Cir. 1998) (citation omitted).

In failing to answer or otherwise respond to a plaintiff's complaint, a defendant admits the well-pleaded allegations of the complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). On the other hand, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). A default judgment may not be entered against an infant or

incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

## III. Discussion

### A. Plaintiff has not satisfied all procedural prerequisites for a default judgment.

#### 1. Entry of Default

Based on the allegations in Plaintiff's First Amended Complaint ("Amended Complaint") (Doc. 23), the Defendants in this case are B Over 21, Inc. ("B Over 21"); Indira Carreon; Uma Thapa; and Dil Bahadur Kathayat. The record reflects that proper service has been effectuated as to Defendant Indira Carreon. On this record, it is not clear that proper service has been effectuated as to Defendants B Over 21, Inc.; Uma Thapa; and Dil Bahadur Kathayat for the reasons that follow.

According to the Amended Complaint, B Over 21 "is a Texas incorporation that was formed in Texas and has its principal place of business at 1410 W Main St, Grand Prairie, TX 75050." Doc. 23 at 2. On January 10, 2025, Plaintiff filed Proof of Service as to Defendant B Over 21, which reflects that Plaintiff's process server served the summons on the Texas Secretary of State on January 7, 2025. Doc. 27. A defendant may be served in a manner permitted by the laws of the forum state. Fed. R. Civ. P. 4(e)(1), (h)(1). Texas law provides that if, with reasonable diligence, the corporation's registered agent cannot be found at its registered office, then the Secretary of State ("SOS") is an agent for service of process. Tex. Bus. Orgs. Code § 5.251(1)(B); *see Dan-Bunkering (Am.), Inc. v. Ichor Oil, LLC*, 561 F. Supp. 3d 710, 714 (N.D. Tex. 2021) (Scholer, J.). "Texas law requires the record to affirmatively show that the plaintiff used reasonable

diligence in attempting to serve the registered agent at the registered office *before* undertaking substituted service on the SOS." *Dan-Bunkering*, 561 F. Supp. 3d at 714 (cleaned up) (quoting *Nat'l Multiple Sclerosis Soc'y v. Rice*, 29 S.W.3d 174, 176 (Tex. App.—Eastland 2000, no pet.)). Plaintiff has not established or submitted proof that it has exercised reasonable diligence in its attempt to serve Defendant B Over 21's registered agent.

Further, Plaintiff has not filed the certificate of service issued by the SOS after forwarding the process to Defendant B Over 21. In Texas, service on the SOS is effected by delivering duplicate copies of the process and paying any necessary fee. *See* Tex. Bus. Orgs. Code § 5.252. After such service is effected, the SOS is required to immediately send one copy of the process to the named entity. *See* Tex. Bus. Orgs. Code § 5.253. Afterwards, the SOS issues a certificate of service, commonly known as a *Whitney* certificate, establishing that process was served. *Dan-Bunkering*, 561 F. Supp. 3d at 714; *see Whitney v. L & L Realty Corp.*, 500 S.W. 2d 94, 96-97 (Tex. 1973)). "Absent fraud or mistake, the [SOS's] certificate is conclusive evidence that the [SOS], as agent of the defendant, received service of process for the defendant and forwarded the service as required by the statute." *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 465 (Tex. 2004) (internal quotations and citation omitted); *Brown v. Minnar*, Civ. Action No. 2:23-CV-002-Z-BR, 2023 WL 4188287, at *3 (N.D. Tex. May 22, 2023), *report adopted by*, 2023 WL 4186367 (June 26, 2023) (Kacsmaryk, J.) ("Proof of service under the long arm statute can be satisfied by a certificate from the secretary of state.") (citations omitted). To be sure, "serving the secretary of state alone is not sufficient to give the defendant notice under Texas law; only *after* a certificate is generated is service valid and complete." *Brown*, 2023 WL 4188287, at *3.

According to the Amended Complaint, Uma Thapa is a resident of Grand Prairie, Texas, and a citizen of Texas who regularly conducts business and solicits business in the State of Texas.

Doc. 23 at 2. Uma Thapa is also "a director and registered agent of [B Over 21] and controls and directs the activities, including the infringing activities, of Defendant [B Over 21]." *Id.* On January 10, 2025, Plaintiff filed Proof of Service as to Defendant Thapa, which reflects that Plaintiff's process server served the summons on the Texas Secretary of State on January 7, 2025. Doc. 27. On this record, it is not clear that proper service has been effected as to Defendant Thapa.

In federal court, an individual defendant may be served in a manner permitted by the laws of the forum state. Fed. R. Civ. P. 4(e)(1). Under Texas Rule of Civil Procedure 106, *unless the citation or court order otherwise directs*, service is effected by: (1) in person delivery the defendant; or (2) mail to the defendant by registered or certified mail. Tex. R. Civ. P. 106. The return of service does not show that Defendant Thapa was served through in-person delivery or by registered or certified mail, and Plaintiff did not file a motion for substituted service of the Amended Complaint; therefore, Defendant Thapa was not properly served under Texas law.

In federal court, an individual may also be served by delivering a copy of the summons and complaint to the individual personally; leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). The record does not show that Defendant Thapa was served through any of those methods, therefore, Defendant Thapa was not properly served.

According to the Amended Complaint, Dil Bahadur Kathayat is a resident of Grand Prairie, Texas, and a citizen of Texas who regularly conducts business and solicits business in the State of Texas. Doc. 23 at 2-3. Dil Bahadur Kathayat is also "a director of [B Over 21] and controls and directs the activities, including the infringing activities, of Defendant [B Over 21]." *Id* at 3. On January 10, 2025, Plaintiff filed Proof of Service as to Defendant Kathayat, which reflects that

Plaintiff's process server served the summons on the Texas Secretary of State on January 7, 2025. Doc. 27. On this record, it is not clear that proper service has been effected as to Defendant Kathayat.

In federal court, an individual defendant may be served in a manner permitted by the laws of the forum state. Fed. R. Civ. P. 4(e)(1). Under Texas Rule of Civil Procedure 106, *unless the citation or court order otherwise directs*, service is effected by: (1) in-person delivery to the defendant; or (2) mail to the defendant by registered or certified mail. Tex. R. Civ. P. 106. The return of service does not show that Defendant Kathayat was served in person or by registered or certified mail, and Plaintiff did not file a motion for substituted service of the Amended Complaint, therefore, Defendant Kathayat was not properly served under Texas law.

In federal court, an individual may also be served by delivering a copy of the summons and complaint to the individual personally; leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). The record does not show that Defendant Kathayat was served through any of those methods; therefore, Defendant Kathayat was not properly served.

Defendants B Over 21, Uma Thapa, and Dil Bahadur Kathayat were not properly served with Plaintiff's Amended Complaint. Accordingly, by **September 4, 2026**, Plaintiff **shall file** the required proof that service on Defendants B Over 21, Uma Thapa, and Dil Bahadur Kathayat have been properly effectuated. *Failure to serve Defendants* B Over 21, Uma Thapa, and Dil Bahadur Kathayat *by September 4, 2026, may result in dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely effect service on Defendants, absent*

*good cause shown; or in light of the history of this case, the court may dismiss with prejudice because of Plaintiff's inability or refusal to comply with a court order.*

Summonses were returned executed as to Defendant Indira Carreon, and the return of service reflects that Defendant Carreon was served in accordance with Federal Rule of Civil Procedure 4. Doc. 26. Thereafter, she did not file an answer or otherwise respond to Plaintiff's Amended Complaint. At Plaintiff's request, the clerk of court, therefore, entered a default against all Defendants on March 26, 2025. Doc. 28. Accordingly, the prerequisite that entry of default be entered has been satisfied as to Defendant Carreon.

**2. Fitness of Defendants as Defaulting Parties**

In support of Plaintiff's request for a default judgment against Defendants, Plaintiff's attorney submitted a declaration in which he states: "A search of the Service members Civil Relief Act database or Department of Defense Manpower Data Center database has been completed and the undersigned has learned that the Defendants are not service members." Doc. 31-1. He further states, "[a]s such, on information and belief, and upon reasonable inquiry, each Defendant is not an infant, incompetent natural persons, or a person in military service or otherwise exempted from default judgment under the Sold[i]ers' and Sailors' Civil Relief Act of 1940." *Id.*

As noted, Plaintiff must establish, and the court must confirm that Defendants are not infants, incompetent persons, or persons in military service exempted from default judgment. Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931. These requirements do not apply to Defendant B Over 21 because it is a corporation and, thus, cannot be a minor, an incompetent person, or a current member of the military service. *See Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 822 (D.N.J. 2021).

These requirements do apply, however, to Defendants Carreon, Thapa, and Kathayat, who are natural persons. Section 3931(b)(1) of the Servicemembers Civil Relief Act ("SCRA") requires

a plaintiff seeking entry of a default judgment to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" or filing an affidavit "stating that the plaintiff is unable to determine whether or not the defendant is in military service." The SCRA's affidavit requirement "may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." 50 U.S.C. § 3931(b)(4). "[B]ecause the SCRA requires that 'facts must be set forth,' 'an affidavit made upon information and belief is insufficient' to satisfy the statute's affidavit requirement." *Securities & Exch. Comm'n v. Baker*, No. 3:22-CV-1415-S-BH, 2023 WL 7390881, at *2 (N.D. Tex. Oct. 5, 2023), *report and recommendation adopted sub nom. Securities & Exch. Comm'n v. Bowen*, No. 3:22-CV-1415-S, 2023 WL 7389018 (N.D. Tex. Nov. 7, 2023) (citing *Bank of Am. v. Philpott*, No. 4:17-CV-00592-ALM-CAN, 2019 WL 13210620, at *1 (E.D. Tex. Mar. 12, 2019) (quoting *United States v. Simmons*, 508 F. Supp. 552, 552 n.1 (E.D. Tenn. 1980)).

Here, the affidavit of Plaintiff's attorney is made under penalty of perjury. Although based on "information and belief" and not accompanied by a certificate verifying Defendants' military status, the court, after extensive research, was able to find a few cases in which district courts concluded that the proffered affidavits complied with the SCRA because the conclusion that the defendant was not a person in military service was based on a search of the SCRA database or the Department of Defense Manpower Data Center database. *See In re Templehoff*, 339 B.R. 49, 53-54 (S.D.N.Y. 2005); *Wiand v. Adamek*, No. 8:21-CV-360-JLB-CPT, 2024 WL 477661, at *4 (M.D. Fla. Jan. 19, 2024), *report and recommendation adopted*, No. 8:21-CV-360-JLB-CPT, 2024 WL 553481 (M.D. Fla. Feb. 12, 2024); *Mason Dixon Lines, Inc. v. Shamrock Mgmt. Grp.*, LLC, No. 1:13-CV-403-CLC-WBC, 2015 WL 13186242, at *4 (E.D. Tenn. Jan. 12, 2015), *report and recommendation adopted*, No. 1:13-CV-403, 2015 WL 13186243 (E.D. Tenn. Jan. 30, 2015). The

attorney affidavit does not indicate that any statements are based on the affiant's personal knowledge, but it is evident from the affidavit that the attorney conducted the search and, thus, has personal knowledge of the investigative efforts made in conducting the search and the results of the search. Accordingly, the court determines that Plaintiff has satisfied the SCRA affidavit requirement.

On the other hand, because the attorney's affidavit is not based on personal information, and the factual basis for the attorney's statement and "information and belief" that Defendants Carreon, Thapa, and Kathayat are not infants or incompetent natural persons is not clear, the court determines that this evidence by Plaintiff is insufficient to show that Defendants Carreon, Thapa, and Kathayat are not infants or incompetent persons for purposes of Rule 55(b). While it may seem that the court is "knit-picking" the sufficiency of Plaintiff's evidence, as noted, the decision to grant a default judgment is one that should not be undertaken lightly given the drastic nature of the remedy. *See Lewis*, 236 F.3d at 767. Additionally, there are no allegations in Plaintiff's Amended Complaint regarding Defendants Carreon, Thapa, and Kathayat statuses as infants or incompetent persons. Accordingly, all procedural requirements for entry of a default judgment have not been satisfied.

**B. Plaintiff's pleadings are insufficient to establish its Lanham Act claims.**

Even if the court deemed all Defendants had been properly served, Plaintiff's motion still fails to establish all of its Lanham Act claims. To prevail on a federal trademark infringement claim, a plaintiff must set forth sufficient factual allegations to show that "(1) [it] possess[es] a legally protectable trademark, and (2) [Defendant's] use of this trademark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017) (citations omitted). "A likelihood of confusion means that confusion is not just possible, but probable." *National Bus. Forms & Printing, Inc. v. Ford*

*Motor Co*., 671 F.3d 526, 532 (5th Cir. 2012). In this regard, "[c]ontext is especially critical" and requires consideration of "the marks in the context that a customer perceives them in the marketplace." *Scott Fetzer Co. v. House of Vacuums Inc*., 381 F.3d 477, 485 (5th Cir. 2004). "Prominent and pervasive use of a mark will suggest affiliation, but mere reference to a marked product will not." *Id.*

In determining whether a likelihood of confusion exists, courts consider the following factors or "digits of confusion": "(1) the type of trademark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, . . . (7) any evidence of actual confusion," and "(8) the degree of care exercised by potential purchasers." *Scott Fetzer Co.*, 381 F.3d at 484-85 (citation omitted). The "digits" are not exhaustive, and none are dispositive. *Id.* All "digits of confusion" must be evaluated, unless a defendant used the plaintiff's exact mark, as opposed to one that it was similar. *Paulsson Geophysical Servs. v. Sigmar*, 529 F.3d 303, 310-11 (5th Cir. 2008).

Unfair competition and false designation claims under 15 U.S.C. § 1125(a) are governed by the same standard as those for trademark infringement under federal law, which is the likelihood of confusion among consumers. *Scott Fetzer Co*., 381 F.3d at 483. To set forth a claim for federal trademark counterfeiting, a plaintiff must plead or allege sufficient facts that the defendant "committed a trademark infringement in violation of 15 U.S.C. § 1114(1)(a), and (2) intentionally used the trademark knowing it was a counterfeit, as the term is defined in 15 U.S.C. § 1116." *Springboards to Educ., Inc. v. Kipp Found.*, 325 F. Supp. 3d 704, 713 (N.D. Tex. 2018) (citation omitted). Section 1116(d) defines "counterfeit mark" as:

> (i) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services

> sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or
>
> (ii) a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available by reason of section 220506 of Title 36;
>
> but such term does not include any mark or designation used on or in connection with goods or services of which the manufacture or producer was, at the time of the manufacture or production in question authorized to use the mark or designation for the type of goods or services so manufactured or produced, by the holder of the right to use such mark or designation.

15 U.S.C. § 1116(d)(1)(B) (footnote omitted).

Even accepting as true the allegations in Plaintiff's Amended Complaint, the court does not have sufficient information from which to determine whether a likelihood of confusion exists based on consideration of the aforementioned "digits of confusion." Plaintiff's Amended Complaint identifies the type of trademark allegedly infringed, but little or no information regarding the remaining factors is included in its pleadings. Regarding the similarity factors, Plaintiff alleges that the products sold by Defendants include "spurious marks which are identical with, or substantially indistinguishable from, the Stündenglass Trademarks." Doc. 23 at 7. This allegation, however, is conclusory in that it simply tracts the language of the statute, and it is not supported by sufficient facts or photographs of Plaintiff's products and the allegedly infringing counterfeit products that the court can visually compare. Plaintiff does include the following descriptions of its trademarks:

> a. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.
> b. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

c. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

*Id.* at 4. Plaintiff's description in its Amended Complaint of U.S. Trademark Registration Number 6,174,292 does not wholly match the contents of the trademark as included in Plaintiff's Motion. The Amended Complaint describes the trademark as "the design plus words mark 'S' and its logo," while the copy of the trademark attached to Plaintiff's Motion states that the mark "consists of the letter 'S' through the center of which is a capsule shape." *Id.* at 4; Doc. 31-2 at 13. While Plaintiff attached copies of the actual trademarks to its Motion, it did not include those copies in the Amended Complaint for the court to compare. Plaintiff did include photographs of counterfeit products and Plaintiff's authentic product; however, the photographs are all compiled on a single page and it is difficult for the court to see all the details on the products and packaging. Doc. 23 at 8.

Further, Plaintiff asserts that "[t]he marks on the fake products Defendants sold are the exact same marks that are owned by Plaintiff," but this is true for only one of the three trademarks. Doc. 31 at 16. Based on the trademarks and the photos in Plaintiff's Amended Complaint and Plaintiff's Motion, the counterfeit products had identical copies of Trademark No. 6,174,292; however, Trademarks Nos. 6,174,291 and 6,633,884 are similar but not identical to or substantially indistinguishable from the marks on the counterfeit products. Trademarks Nos. 6,174,291 and 6,633,884 are both described and depicted as "standard characters" spelling out STÜDENGLASS; however, the images of the counterfeit goods show the Stüdenglass spelled out with standard characters except the "S" which is instead replaced by the "S" with a capsule shape through the center as described in Trademark No. 6,174,292. *See* Doc. 31-2.

As two of the three trademarks are similar but not identical to or substantially indistinguishable from the marks on the counterfeit products, the court must consider all eight digits of confusion in ruling on Plaintiff's Motion. In its Motion, Plaintiff lists and acknowledges that the court must consider the "digits of confusion," but it only explicitly discusses the sixth and seventh digits. Doc. 25. Therefore, Plaintiff is not entitled to a default judgment on all its Lanham Act claims.

## IV. Conclusion

For the reasons explained, Plaintiff has not established all requirements for all its Lanham Act claims and all prerequisites for entry of a default judgment against Defendants. Accordingly, the court **denies without prejudice** its Motion (Doc. 25), and **orders** Plaintiff to serve Defendants with a new Amended Complaint and summons **by 5:00 p.m., September 4, 2026,** to correct the deficiencies set forth by the court in the current "Amended Complaint." If Plaintiff does not correct these deficiencies by this date, the court will dismiss this action **with prejudice** pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order.

The court previously ordered Plaintiff to amend its Original Complaint to correct deficiencies, re-serve all Defendants, and file proof of service establishing valid service of process. Doc. 22 at 5-6. The court warned Plaintiff that failure to do so would result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *Id.* at 6. The court has already provided corrections to Plaintiff in this case and others regarding both defective service and insufficient motions for default judgment. *See* Civil Action Nos. 3:23-CV-00805-L (*GS Holistic, LLC v. Nay Smart Investments, Inc. and Omar A. Alhweil*); 3:23-CV-01024-L (*GS Holistic, LLC v. OMS Investment, LLC, Saud Salman, and Omar Alhaweil*); 3:23-CV-01174-L (*GS Holistic, LLC v. Muni

*Investment, Inc.*); 3:23-CV-01752-L (*GS Holistic, LLC v. Smoke Lemmon #1, Inc. and Mustafa Alaraj*).

The court has provided Plaintiff with ample opportunity to correct deficiencies, and no further chances will be granted to correct the identified deficiencies. Thus, if Plaintiff fails to correct the deficiencies within the time allowed, the court may dismiss this action **with prejudice** for failure to comply with a court order. Ordinarily, the court would dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m); however, this case involves much more than the failure to serve an opposing party within the time permitted, and the court does not believe that it is limited to Rule 4(m), given the circumstances of this case.

A court has the inherent authority to manage its docket, and it is not required to give ineffective litigants second chances to develop their cases, even though it has in this case and other cases filed by this Plaintiff. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citation omitted). The Dallas Division has authorization for eight active judges, but at the time of this opinion, three positions are vacant, and the court simply cannot continue to allow this Plaintiff to consume scarce judicial resources. *Moreover, it is not incumbent on the court to educate the parties or attorneys regarding the applicable law.*

**It is so ordered** this 18th day of August, 2026.

Sam A. Lindsay
United States District Judge